IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK10-81145-TJM |
| ) | |
| DARRELL K. CHESSON and ) | |
| MICHELLE A. CHESSON, ) | CH. 13 |
| ) | |
| Debtor(s). ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on July 12, 2010, regarding Filing #6, Chapter 13 Plan, filed by the debtors; Filing #14, Objection to Confirmation of Plan, filed by Jennifer Seffron; and Filing #17, Response to Creditor's Objection, filed by the debtors. John Turco appeared for the debtors and Bryan Meismer appeared for Jennifer Seffron.

Prior to the date the bankruptcy petition was filed, Darrell Chesson and his then-spouse obtained a dissolution of marriage decree. As part of the proceeding, the couple filed a stipulation and settlement agreement which dealt with child custody, child support, property division and the responsibility of each of the parties with regard to certain debts. The agreement is attached to the brief filed by the ex-spouse, filing 29. At paragraph 18, the agreement provides that neither party shall receive alimony.

Paragraph 16 is headed: "DEBTS." It provides that the HFC credit line debt of $19,500 shall be equally divided between the parties. It then provides that the plaintiff (Darrell) shall assume any and all debts or obligations incurred by him since the filing of the complaint herein and any indebtedness incurred in the plaintiff's name prior thereto and shall hold the defendant harmless therefrom.

Finally, paragraph 16 states: "The Defendant shall assume any and all debts or obligations incurred by her since the filing of the Complaint herein and any indebtedness incurred in the Defendant's name prior thereto, including the Defendant's student loans, for which the Plaintiff will contribute $50 per month payable to the Defendant which will hold the Plaintiff harmless therefrom."

The debtors filed a Chapter 13 bankruptcy petition and a Chapter 13 plan. The former spouse filed an objection to the plan because it does not treat his obligation to pay her $50 a month as a support obligation. The debtors responded to the objection by arguing that the $50 per month obligation is part of a property settlement and is not alimony, support or maintenance.

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

[A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
(A) owed to or recoverable by –
(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
(ii) a governmental unit;
(B) in the nature of alimony, maintenance, or support (including

assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

Case law informs that the bankruptcy court makes the determination of whether a financial obligation is in the nature of support, notwithstanding the terms and definitions used in the dissolution of marriage decree. When deciding whether a debt should be characterized as one for support or property settlement, "the crucial question is what function did the parties intend the agreement to serve when they entered into it." Boyle v. Donovan, 724 F.2d 681, 683 (8th Cir. 1984) (citing Williams v. Williams (In re Williams), 703 F.2d 1055, 1057 (8th Cir. 1983)). In making that factual determination, the court evaluates a number of factors, including whether the agreement contains a separate provision for alimony or child support, and whether the debt is conditional. Ahlf v. Ahlf (In re Ahlf), 354 B.R. 884, 887 (Bankr. S.D. Iowa 2006) (citing Morel v. Morel (In re Morel), 983 F.2d 104, 105 (8th Cir. 1992)). Other factors considered include:

> [T]he relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments.

Ahlf, 354 B.R. at 887 (quoting Tatge v. Tatge (In re Tatge), 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997)).

At the hearing on the objection, the parties were requested to provide additional financial information concerning their financial condition at the time of the dissolution of marriage decree. They have done so. Attached to the stipulation and settlement agreement is the worksheet for determination of the appropriate amount of child support due from each party. That worksheet shows that at the time of the decree, Darrell had a net monthly income of $2,458.12. The objecting ex-spouse had a net monthly income of $1,569.13. Darrell had 61.04% of the monthly net income of the couple and the ex-spouse had 38.96%.

The student loans in question are solely in the name of the objector. Although the obligation of Darrell to pay $50 per month to his ex-spouse appears in that section of the stipulation and settlement agreement providing for payment of debts, I find that the purpose for imposing such a monthly obligation on Darrell was to aid his spouse in paying her student loan obligation. Based upon the disparity in monthly income, it was appropriate for Darrell to agree to supplement her

income to assure that she would be able to pay the student loan obligation. It was also appropriate for the court to approve such an agreement. I conclude that the $50 per month obligation is in the nature of support.

      IT IS ORDERED that the Objection, Filing #14, is granted and the Plan, Filing #6, is not confirmed. The debtor can either file an amended plan including the $50 per month domestic support obligation, or the parties can enter into a stipulated order to that effect. The deadline for taking such action is September 17, 2010.

      DATED:      August 26, 2010

      BY THE COURT:

      /s/ Timothy J. Mahoney
      United States Bankruptcy Judge

Notice given by the Court to:
    *John Turco
    Bryan Meismer
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.